**Order filed April 7, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-19-00306-CR
NO. 14-19-00308-CR
NO. 14-19-00309-CR
NO. 14-19-00310-CR
NO. 14-19-00311-CR
NO. 14-19-00312-CR
NO. 14-19-00313-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**KAHLIL DEAN, Appellee**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 18-DCR-083497, 18-DCR-083704, 18-DCR-083833,
18-DCR-083834, 18-DCR-083835, 18-DCR-083836, 18-DCR-083837**

## ORDER

The State of Texas filed notices of appeal in each of the above-numbered causes, asserting it is appealing "the trial court's order dismissing the State's

indictment[s]." In its notices of appeal and appellate brief, the State contends it is authorized to pursue an appeal pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure because the trial court "dismissed the State's indictments." *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).

None of the records before us contains an order dismissing the State's indictments. The records before us contain the district court's order granting "Defendant's Motion in Bar of Prosecution for Lack of Jurisdiction and for Violation of Constitutional Provisions".

We order the district court to clarify its signed order and state whether, by way of signing an order granting "Defendant's Motion in Bar of Prosecution for Lack of Jurisdiction and for Violation of Constitutional Provisions", it intended to and dismissed the State's indictments in the above-numbered cause numbers. We order the district court to clarify its order granting "Defendant's Motion in Bar of Prosecution for Lack of Jurisdiction and for Violation of Constitutional Provisions" within 14 days by **April 21, 2020**.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.